UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In the Matter of:	Case No. 8:10-mp-00010-MGW
	Miscellaneous Proceeding

Buddy D. Ford, Esq.,

     Respondent.
_____/

**MEMORANDUM OPINION ON**
**CHAPTER 11 FEE APPLICATIONS**

In order for professionals employed by debtors in possession in chapter 11 cases to be compensated for their services, they must file fee applications. These applications may only be approved after notice and hearing in compliance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. These requirements apply even in cases where the professional seeks no compensation in excess of the pre-petition retainer received. Respondent, Buddy D. Ford, Esq., an attorney representing debtors in cases before the judges of the Tampa Division, has failed to file fee applications in numerous cases in which he sought no fees in excess of the pre-petition retainer received. For the reasons set forth below, the Court will order Respondent to file fee applications in each of the chapter 11 cases in which the applications have not been filed.

<u>Factual and Procedural Background</u>

In this miscellaneous proceeding, the United States Trustee seeks, *inter alia*, an order requiring Respondent to file applications for compensation of fees and reimbursement of expenses in numerous chapter 11 cases commenced in the Tampa Division of the Middle District

of Florida.[1] The United States Trustee has taken a snap shot approach to raise this matter to the Court and has reviewed all chapter 11 cases that were pending between January 1, 2008 and September 30, 2010.

During that time period, the Respondent had 183 chapter 11 cases pending. As of November 19, 2010, the filing date of the United States Trustee's miscellaneous proceeding, the Respondent had not filed any fee applications in the following amount of cases: (1) thirty-four confirmed chapter 11 cases; (2) twenty-eight chapter 11 cases that were subsequently converted, two of which converted post-confirmation; (3) twenty-seven chapter 11 cases that were dismissed, three of which dismissed post-confirmation; and (4) one chapter 11 case in which a chapter 11 trustee was appointed.[2]

## Conclusions of Law

The legal framework for retention and compensation of professionals in a chapter 11 case is set forth in several provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The first of these is Bankruptcy Code section 327, which provides that a debtor in possession, with the court's approval, may employ an attorney to represent the debtor in possession in a chapter 11 case. Under section 328, such employment may be on any reasonable terms and conditions provided that the court has discretion to allow compensation different from the compensation provided for under the agreed-upon terms.[3]

In order for an attorney to be allowed and paid such compensation as an administrative expense of the chapter 11 case, the attorney must seek and obtain an award of such fees from the

---

[1] United States Trustee's Omnibus Motion for Examination of the Services Rendered by and Fees Paid to Buddy D. Ford, Esquire and Motion to Compel the Filing of Applications for Compensation of Fees and Expenses in Chapter 11 Cases (Doc. No. 1).
[2] The other cases within the 183 cases pending between 1/1/2008 – 09/30/2010 either have fee applications or the case had not matured sufficiently to require a fee application as of November 19, 2010.
[3] 11 U.S.C. § 328(a).


court under section 330.[4] Fees awarded under section 330 are give administrative expense status under section 503[5] and are required to be paid in cash upon confirmation of the debtor's chapter 11 plan.[6]

Rule 2016 requires that an application seeking compensation set forth a detailed statement of the services rendered, time expended, expenses incurred, and amounts requested. The application must include a statement as to what payments have been previously made or promised to be made for services rendered, and the source of such compensation.[7]

When an application for compensation is filed in a chapter 11 case, a hearing is scheduled by the court to consider the application. In this regard, Rule 2002 provides for twenty-one days' notice to parties in interest of a hearing on a request for compensation for services.[8] Such notices are required to be transmitted to the United States Trustee by the applicant.[9] Rule 2002 also requires that a notice of hearing on compensation shall identify the applicant and the amounts requested.[10]

Under the typical form of order use by the judges of the Tampa Division of the Middle District of Florida, if an application for compensation of the attorney for the debtor in possession is filed prior to the confirmation hearing so that it can be properly scheduled and noticed in compliance with Rule 2002(a)(6), the court will conduct a hearing to consider approval of the compensation in conjunction with the confirmation hearing.[11] If the application is not filed in time to be heard in conjunction with the confirmation hearing, the court will typically conduct

---

[4] 11 U.S.C. § 330(a)(1)(A).
[5] 11 U.S.C. § 503(b)(2).
[6] 11 U.S.C. § 1129(a)(9)(A).
[7] Fed. R. Bankr. P. 2016(a).
[8] Fed. R. Bankr. B. 2002(a)(6).
[9] Fed. R. Bankr. P. 9034(e)(requiring transmittal to the United States Trustee of any paper relating to an application for compensation).
[10] Fed. R. Bankr. P. 2002 (c)(2).
[11] *See, e.g.,* Order Conditionally Approving Disclosure Statement entered in *In re Duane N. Henderson*, Case No. 8:10-bk-16237-CPM (Doc. No. 61), para. 8.

such a hearing at the first status conference following confirmation. At a hearing on compensation, the court will hear from interested parties to include any creditor, a representative of the debtor, and the United States Trustee. After reviewing the application and considering the input from all interested parties, the court will then make an appropriate award of compensation for services rendered in conjunction with the case.

Because of the inherent uncertainty of being paid for services rendered in conjunction with representing an insolvent company in a bankruptcy case, attorneys who represent debtors routinely obtain substantial retainers prior to undertaking the representation. This is an understandable and acceptable practice so long as full disclosure of such retainers is made in conjunction with the application to retain the attorney, which typically is filed at the beginning of the case.[12] It is also an acceptable practice in this Division for the attorney to apply this retainer towards fees incurred without prior court approval, provided that before the case is concluded the attorney files a fee application so that the court may determine the reasonableness of the fees and allow or disallow any requested fees based upon the various factors considered by the court in setting compensation.[13] While rare, the court may also order disgorgement of fees received by the attorney if the amount of the fees exceeds the reasonable value of the services or other circumstances exist, such as the failure to disclose a conflict of interest.[14]

In the cases that are the subject of this miscellaneous proceeding, Respondent's initial disclosures filed in compliance with Rules 2014(a) and 2016(b) all disclose the receipt of a fee retainer and state, "Notwithstanding any non-refundable aspect of the retainer, counsel for the Debtor recognizes the Court will determine the reasonableness of fees pursuant to the provisions

---

[12] Fed. R. Bankr. P. 2014(a); Fed. R. Bankr. P. 2016(b).
[13] 11 U.S.C. § 330(a)(3); *In re First Colonial Corp. of Am.*, 544 F. 2d 1291 (5th Cir. 1977); *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).
[14] *In re Southmark Corp.*, 163 F.3d 925, 933 (5th Cir. 1999); *In re Keller Financial Services of Florida, Inc.,* 248 B.R. 859 (Bankr. M.D. Fla. 2000).

of Section 330 of the Bankruptcy Code."[15] This is also reflected in the form order, furnished by Respondent at the Court's request, authorizing his appointment as attorney for the debtor in possession. These orders contain the following decretal paragraph: "The debtor in possession is hereby authorized to employ Buddy D. Ford, P.A., as counsel under a general retainer in the amount of $[varies] and to pay counsel a reasonable fee upon application and order by this Court…."[16]

Respondent explains that his failure to file the applications in the cases that are the subject of this miscellaneous proceeding was solely based upon his willingness to accept the retainer amount in full satisfaction of the fees incurred. In this regard, he maintains that in each and every case in which a fee application was not filed, the fees incurred exceeded the retainer and thus, no one was harmed by his failure to file fee applications in these cases. He also explains that his practice of not filing fee applications where he seeks no fees above the retainer amount is consistent with an informal local practice that has evolved among the local bankruptcy bar. While the Court finds that Respondent's explanation is credible, the Court simply cannot condone a "no harm, no foul" approach to compliance with the statutory and rule-based scheme for determination of fees in chapter 11 cases.

The Court cannot assume that the retainer amount will always be less than the reasonable value of the services rendered in a chapter 11 case. Rather, a professional employed to represent the debtor in possession in a chapter 11 case may be awarded compensation for services rendered in a case under title 11 only after notice and a hearing. This includes any amounts received as a retainer for the services. Without the professional filing a fee application, the notice and hearing

---

[15] *See, e.g.*, Affidavit and Financial Disclosure in Support of Debtor's Application to Approve the Employment of Buddy D. Ford, P.A. filed in *In re 5215 Development Inc.*, Case No. 8:09-bk-02067-KRM (Doc. No. 14), para. 15(a).

[16] *See, e.g.*, Final Order Authorizing Appointment of Attorney, entered in *E & H Diners, Inc.*, Case No. 8:10-bk-20230-MGW (Doc. No. 16), para. 2.

requirement outlined above cannot be met. Importantly, without such compliance, the United States Trustee cannot perform his statutory obligation to review applications filed for compensation under section 330.[17] And the Court cannot conduct its own independent review of a professional's fees and services. These are all prerequisites for a professional to obtain compensation in a bankruptcy case.

To hold otherwise would permit professionals to stand on far less what than a detailed fee application requires. For example, the form "Disclosure of Compensation of Attorney for Debtors" only states "[f]or legal services, I have agreed to accept."[18] As the Bankruptcy Court in Nevada noted, gone are the days of "for professional services rendered: $10,000."[19] Courts have generally taken a draconian approach toward professionals when addressing the failure of a professional to timely file fee applications.[20] In *Consolidated Bancshares*, the Fifth Circuit stated that: "Professionals are compensated pursuant to § 330. The applicant must follow the strict guidelines of Bankruptcy Rule 2014 in being appointed, and Rule 2016 to receive compensation."[21] Absent compliance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, a professional has no right to compensation. A court award of fees for counsel to a debtor in possession is *sine qua non* to counsel getting paid.[22]

---

[17] 28 U.S.C. § 586(a)(3)(A). *See also* Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 61 Fed. Reg. 24890 (May 17, 1996), reprinted 28 C.F.R. Part 58, Appendix.

[18] *See* Form B203 (12/94).

[19] *See In re Ginji Corp*., 117 B.R. 983, 989 (Bankr. D. Nev. 1990).

[20] *See generally, Electro-Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 361 (11th Cir. 1994)("While a complete denial of fees may be extreme in some instances, this case requires nothing less. 'This sanction serves to deter future wrongdoing by those punished and also to warn others who might consider similar defalcations.'"); *see also In re Shirley*, 134 B.R. 940, 944 (9th Cir. BAP 1992)(holding that a professional, having been denied compensation due to his failure to properly obtain bankruptcy court approval, is prohibited from pursuing any alternative recovery of his legal fees).

[21] *See Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1254, fn. 3 (5th Cir. 1986).

[22] *See Dery v. Cumberland Cas. & Sur. Co. (In re 5900 Assocs., Inc.)*, 468 F.3d 326, 331 (6th Cir. 2006)(finding debtor not insolvent for purposes of fraudulent conveyance statute because attorney's claim for services rendered during prior bankruptcy would be unenforceable "[a]s an attorney appointed under 11 U.S.C. § 327, [the attorney] was required to seek approval of his fees from the court under 11 U.S.C. § 330. Because he did not do so, his fees

It cannot be gainsaid that following the statutory and rule-based procedures for allowance of fees preserves the public perception of the integrity of the bankruptcy system. This requires compliance with the fee application processes as set forth in Bankruptcy Code sections 326, 327, 328, 329, 330, and 331 and procedurally governed by Rules 2014 and 2016. It is a system of checks and balances weighted on full disclosure so that the Court, the United States Trustee, and the parties can verify and establish first that the professional's employment is appropriate and finally that compensation for the professional is reasonable and based on actual and necessary services.

Accordingly, the Court finds and concludes that even a professional seeking nothing more than to keep a pre-petition retainer as full compensation must comply with the requirement under section 330 and Rule 2016(a) to file a detailed fee application and obtain court approval. By separate order, the Court will require Respondent to file fee applications in the cases that are the subject of the Motion.

**DATED** in Chambers at Tampa, Florida, on February 17, 2011.

_____
**MICHAEL G. WILLIAMSON**
United States Bankruptcy Judge

Copies furnished to:
J. Steven Wilkes, Esq., Office of the U.S. Trustee
Buddy D. Ford, Esq.

---

[from prior bankruptcy] are unenforceable…"), citing *Jensen v. Gantz (In re Gantz)*, 209 B.R. 999, 1002 (10th Cir. BAP 1997) (attorney entitled only to fees awarded by the bankruptcy court under § 330); *In re Jeanes*, 2004 WL 1718093, at *2 (Bankr. N.D. Iowa, June 17, 2004) ("Because § 330(a) requires court approval to create the obligation to pay the attorney's fees, absent court approval neither the debtor nor the estate is ever liable. Court approval under § 330(a) is what creates the liability, not the performance of the services.") (internal citations omitted); *In re Marin*, 256 B.R. 503, 507 (Bankr. D. Colo.2000) ("There is no other way for an attorney to be paid! An attorney who extracts payments from debtors other than pursuant to proper disclosure, or to allowance under section 330, stands in violation of the provisions of the Bankruptcy Code, and may properly be stripped of all fees.")