UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No. 8:10-mp-00010-MGW
                                                          Miscellaneous Proceeding
Buddy Dwight Ford, Esq.,

    Respondent,
_____/

Donald F. Walton,
United States Trustee for Region 21,

    Movant,
v.

Buddy Dwight Ford, Esq.,

    Respondent.
_____/

## AGREED ORDER ON MISCELLANEOUS PROCEEDING

THIS PROCEEDING came on for hearing on November 19, 2012 at 9:30 a.m. to consider the United States Trustee's Omnibus Motion for Examination of the Services Rendered by and the Fees Paid to Buddy D. Ford, Esquire. (Doc. No. 1). Mr. Ford appeared for himself and Trial Attorney J. Steven Wilkes appeared on behalf of the United States Trustee for Region 21. The Parties announced a resolution of this miscellaneous proceeding. This order constitutes remedial provisions agreed by the parties in resolution of the miscellaneous proceeding and is not a sanction or punitive action by the Court.

The Parties stipulate that in a number of cases, Mr. Ford did not maintain contemporaneous time records and did not fully utilize his billing software to alert him to

what his actual daily billings totaled. As a result, the hours billed on a given day were estimated and the services provided may have occurred on a day other than when it was logged.

The Parties stipulate that in several cases, Mr. Ford agreed with the debtors to place funds in trust in order to fund administrative claims at confirmation, including Mr. Ford's professional fees. Such transfer of funds is necessarily outside the ordinary court of business. Under the Bankruptcy Code and Rules and the prevailing case law, such transactions between a debtor and debtor's counsel is required to be disclosed under Fed. R. Bankr. P. 2016(b) as well as have received prior court approval under 11 U.S.C. §§ 330 and 363(b). Although Mr. Ford filed supplemental disclosures, he did not seek prior court approval.

The Parties stipulate that in a number of cases, Mr. Ford did not timely file fee applications. In all chapter 11 cases, the Court enters an order establishing an administrative expense claims bar date, which includes all professionals' fee applications. Timely filing of fee applications ensures compliance with claims bar dates and the administrative feasibility of the case.

The Parties stipulate that in a number of cases, Mr. Ford did not fully disclose the receipt of all payments or other transfers, such as barter, from all sources. Mr. Ford concedes that these payments arise sometimes in closely held companies, often where individuals own a business. Mr. Ford would sometimes receive a payment or barter services from an insider for both the individual and the corporate debtors. These

relationships and transactions were not clearly articulated in the disclosures as specifically as required.

The Parties have expressly consented to this Court's jurisdiction in this miscellaneous proceeding and waived appeal of this order. This order contains the entire agreement between the parties, subject only to any changes as entered by this Court.[1] In return, the parties have agreed to forebear any further civil prosecution of this miscellaneous proceeding arising from any case(s) commenced prior to September 30, 2010, provided Mr. Ford complies with the provisions of this Court's order and any memorandum opinion that may subsequently be entered.

Based upon the Court's review of the record in this proceeding, the Court finds that the parties' remediation agreement is acceptable. Accordingly, it is

**ORDERED**:

1. The United States Trustee's Motion be and is hereby GRANTED to the extent set forth in this Order.

2. This Court reserves jurisdiction to consider entry of a memorandum opinion. The Parties may submit, on or before December 31, 2012, bullet points highlighting the legal issues arising out of this miscellaneous proceeding.

3. Immediately prior to this Court's November 19, 2012 hearing, Mr. Ford filed corrections to fee applications. (Doc. Nos. 140-161). This Court will not consider or otherwise rule upon these filings.

4. Mr. Ford shall present the matters raised in this miscellaneous proceeding unto the Florida Bar in accordance with his obligations to report under Section 4-8 – Maintaining the Integrity of the Profession.

---

[1] Further, the parties agree that the United States Trustee has not threatened, made, and/or given any other representations, promises, inducements, offers, rewards, and/or given or promised to give any other consideration of any kind whatsoever to either Mr. Ford or anyone else on his behalf.

    a.    Mr. Ford shall submit this self-reporting unto the Florida Bar under penalties of perjury within thirty (30) days of the entry of this order;

    b.    This is in furtherance of the self-regulatory nature of the legal profession in order to preserve the public integrity of the bankruptcy system and the Florida Bar in relation to the actions and appearances of those legal professionals practicing therein; and

    c.    Mr. Ford shall serve a copy of the self-referral report, and any and all correspondence relating to this self-referral upon the Office of the United States Trustee, J. Steven Wilkes, Trial Attorney,[2] 501 East Polk Street, Suite 1200, Tampa, Florida 33602 within fourteen (14) days of making the report as well as the receipt of any and all subsequent correspondence;

5.    Mr. Ford shall contact and arrange for Lexis® to provide his office with on-site training on the law firm's Lexis® based software systems, including but not limited to the billing, time management, and case management software platform(s);

    a.    This on-site training shall be arranged with Lexis® within forty-five (45) days of the entry of this order;

    b.    This on-site training shall occur at a time convenient for the Lexis® training staff, and is subject to Lexis® scheduling availability and further requirements;

    c.    Mr. Ford shall provide the date(s) and time(s) to the Office of the United States Trustee within seven (7) days of arranging the training session(s) and not less than fourteen (14) days prior to the scheduled on-site training session; and

    d.    Any member of the Office of the United States Trustee shall be permitted to attend the training session(s);

6.    Mr. Ford shall submit to an on-site office consultation with a Practice Management Advisor (PMA) of the Florida Bar's Law Office Management Assistance Services, (LOMAS);

---

[2] Or other person in the Office of the United States Trustee so designated by the United States Trustee for Region 21.

    a.    This on-site office consultation shall be arranged and scheduled with a LOMAS PMA within forty-five (45) days of the entry of this order;

    b.    This on-site office consultation shall occur at a time convenient to LOMAS and its PMA, and is subject to LOMAS scheduling availability and further requirements; and

    c.    Mr. Ford shall provide a copy of the written report prepared by LOMAS to the Office of the United States Trustee within fourteen (14) days of receipt of the written report;

7.    Mr. Ford shall pay $36,000.00 as a resolution to the miscellaneous proceeding, as follows;

    a.    Payment of $1,500 monthly for twenty four (24) months, via CERTIFIED FUND to the BLES Foundation, or other non-profit legal aide provider as may be appropriate, that provides services to persons within the Tampa Division;

    b.    Payments shall begin on the first (1st) day of the calendar month after entry of this order and continue on the first (1st) day of each subsequent calendar month until 24 monthly payments have been delivered; and

    c.    Mr. Ford shall provide proof of payment and delivery within seven (7) days of payment. Said proof shall be provided to the Office of the United States Trustee;

8.    Mr. Ford shall provide chapter 7 *pro bono* legal assistance in twenty-four (24) chapter 7 bankruptcy cases filed in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division;

    a.    These services shall be provided over and within the twenty-four (24) months after the entry of this order;

    b.    To the extent possible, the selection of clients for these cases will be made by the non-profit legal aide provider as agreed upon between the Parties, *supra*; and

    c.    Mr. Ford shall provide proof of filing of each of these *pro bono* cases to the Office of the United States Trustee by submission of a quarterly report delineating the name of the debtor(s), case

number(s), and date(s) of filing. The report is due to be provided not later than the fifteenth (15th) day of the calendar month following the calendar quarter for which a report is required;

9. Mr. Ford shall obtain the following additional Continuing Legal Educational requirements, which are in addition to any CLE requirements required by the Florida Bar to maintain his active law license, as follows:

    a. 6 hours of CLE concerning ethics and ethical issues in bankruptcy law;

    b. 8 hours of CLE concerning practice management; and

    c. 10 hours of CLE concerning chapter 11 practice;

    d. No CLE hours earned by Mr. Ford in the capacity of an instructor, teacher, moderator, etc. shall be considered in satisfaction of this remedial provision;

    e. Mr. Ford shall obtain these CLE training requirements by attending live courses offered at locations within the State of Florida unless:

        i. He attends a live course at a nationally or internationally recognized CLE seminar on bankruptcy law; or

        ii. He attends a live course at a CLE seminar conducted outside the State of Florida, which is not a nationally or internationally recognized CLE seminar on bankruptcy law, that is approved, as satisfactory to comply with this order, by the United States Trustee for Region 21, prior to his attendance at that live course CLE seminar;

    f. Mr. Ford shall complete the additional CLE requirements within fourteen (14) months of the entry of this order; and

    g. Mr. Ford shall provide proof of completion and attendance to the Office of the United States Trustee by means of a report of additional CLE requirements, delineating the CLE Course, CLE Provider, Date(s), Hours. This report and proof of completion and attendance shall be delivered not later than fifteen (15) months after entry of this order; and

    h. Mr. Ford shall be in default of this provision if he fails to timely attain the requisite additional CLE requirements, or attends without

       prior approval of the United States Trustee a CLE seminar outside the State of Florida that is not a nationally or internationally recognized CLE seminar on bankruptcy law, or fails to provide his report and proof of completion and attendance to the United States Trustee;

    10.    The failure to adhere to the provisions of this order will result in Mr. Ford being in default under this order which the United States Trustee may assert in this miscellaneous proceeding or otherwise;

    11.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this order, including but not limited to additional relief, costs, fees, expenses, or penalties should default occur;

    12.    This order however does not limit or impede any other bankruptcy court's jurisdiction or any parties right to raise objection or to act upon matters in any title 11 case that is presently pending or subsequently filed by Mr. Ford; and

    13.    This order shall be effective immediately upon its entry.

    **DONE** and **ORDERED** in Chambers at Tampa, Florida on November 20, 2012.

                          **MICHAEL G. WILLIAMSON**
                          United States Bankruptcy Judge

Copies furnished to:
Buddy D. Ford; United States Trustee